IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

EDD COX, JR.,

    Plaintiff,

vs.                                            Case No. 4:06cv13-MP/WCS

JAMES V. CROSBY,
and GARY M. THOMAS,

    Defendants.

                                  /

## REPORT AND RECOMMENDATION

Plaintiff, proceeding *pro se*, has filed an amended complaint. Doc. 22. Plaintiff's *in forma pauperis* motion was granted, doc. 2, and Plaintiff was permitted to proceed without payment of an initial partial filing fee. Doc. 5. Plaintiff's amended complaint has been reviewed as is required by 28 U.S.C. § 1915A.

Plaintiff alleges that his constitutional rights are violated by a policy of the Florida Department of Corrections which provides that an inmate can receive photocopying services even if he has no funds and is indigent, but the Department will impose a lien against his inmate bank account. Doc. 22. Thus, should the inmate receive money, the Department may take funds to reimburse the photocopying costs. *Id.* Plaintiff asserts

that he is entitled to "file free legal material co Court" and prison officials should not be allowed to take his money. *Id.*

One's access to court is a fundamental Constitutional right guaranteed by the First Amendment. Bounds v. Smith, 430 U.S. 827, 97 S. Ct. 1491. 52 L. Ed. 2d 72 (1977)(reaffirming the long established principle that inmates have a fundamental constitutional right of meaningful access to the courts under the First Amendment). However, such access is required to be "adequate, effective, and meaningful." Beck v. Symington, 972 F. Supp. 532, 534 (D. Ariz. 1997), *citing* Lewis v. Casey, 518 U.S. 343, 116 S. Ct. 2174, 2180, 135 L. Ed. 2d 606 (1996). "This right has never been interpreted to mean that an inmate's access must also be free of charge." Beck, 972 F. Supp. at 524; *see* Roller, 107 F.3d at 231; Hampton, 106 F.3d at 1285; Lumbert v. Illinois Dept. of Corrections, 827 F.2d 257, 259 (7th Cir. 1987). For example, courts have held that requiring prisoners to pay filing fees does not deprive them of the right to court access. *See, e.g.*, Carson v. Johnson, 112 F.3d 818, 821-22 (5th Cir. 1997); Hampton v. Hobbs, 106 F.3d 1281, 1286-87 (6th Cir.1997); Wilson v. Yaklich, 148 F.3d 596, 604 (6th Cir. 1998); Lyon v. Krol, 127 F.3d 763, 764-65 (8th Cir. 1997); Shabazz v. Parsons, 127 F.3d 1246, 1248 (10th Cir. 1997); Mitchell v. Farcass, 112 F.3d 1483 (11th Cir. 1997); Rivera v. Allin, 144 F.3d 719 (11th Cir. 1998). Correspondingly, it does not violate Plaintiff's First Amendment right for the Department of Corrections to provide photocopies to Plaintiff initially without any cost so that he may have access to the courts, but then place a lien on his inmate bank account so that Plaintiff may repay the debt when he can. Because Plaintiff's amended complaint fails to state a claim upon which relief may be granted, this case should be dismissed.

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's amended complaint, doc. 22, be **DISMISSED** for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2), and that the order adopting this report and recommendation direct the clerk of court to note on the docket that this cause was dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**IN CHAMBERS** at Tallahassee, Florida, on July 13, 2006.

    s/    William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.